IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3191-FL

| ADAM W. HALL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER |
| OFFICER HEHL, | ) | |
| Defendant. | ) | |

The matter is before the court on motion for summary judgment[1] (DE 30) filed pursuant to Federal Rule of Civil Procedure 56 by defendant. The motion is fully briefed, and in this posture the issues raised are ripe for adjudication. For the foregoing reasons, the court GRANTS defendant's motion.

## BACKGROUND

On October 5, 2011, plaintiff, a state inmate, filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. On April 12, 2012, the court informed plaintiff that his allegations were difficult to follow and directed him to particularize his complaint. Plaintiff complied, and on August 1, 2012, the court conducted a frivolity review of the particularized pleading. In its August 1, 2012, order, the court dismissed as frivolous plaintiff's claim regarding the negligent or intentional deprivation of his religious property. The court also found that plaintiff appeared to allege that the personal handling of his religious property violated the free exercise of his Native American religion pursuant

---

[1] Because defendant attached documents that are outside of the pleadings, the court construes defendant's motion as a motion for summary judgment.

to the First Amendment to the United States Constitution. The court, however, found that plaintiff failed to provide sufficient factual support for this claim, and directed him to file a particularized pleading.

On September 17, 2012, the court dismissed this action without prejudice because plaintiff failed to timely particularize his remaining claim. Plaintiff subsequently filed a motion for reconsideration of the court's dismissal of this action. After requiring plaintiff to particularize his complaint as originally directed on August 1, 2012, the court granted plaintiff's motion for reconsideration and re-opened this action.

On July 11, 2013, defendant moved for summary judgment, arguing inter alia, that plaintiff failed to exhaust his administrative remedies prior to filing this action.

## DISCUSSION

A.      Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2

B. Analysis

Plaintiff alleges that defendant's handling of his religious property violated the First Amendment to the United States Constitution. In response, defendant asserts that plaintiff failed to exhaust his administrative remedies for this claim prior to filing this action.

Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies prior to filing an action under 42 U.S.C. § 1983. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 90. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Woodford, 548 U.S. at 95); Patterson v. Myers, No. 8:10-CV-2955-DCN-JDA, 2012 WL 768038, *7 (D.S.C. Feb. 17, 2012).

In this case, the evidence in the record reflects that plaintiff filed several grievances while in the North Carolina Department of Public Safety's ("DPS") custody, including grievances filed at Warren Correctional Institution ("Warren"). However, none of the grievances pertain to plaintiff's First Amendment claim. See Def.'s Ex. B. Thus, the evidence in the record reflects that plaintiff did not exhaust his administrative remedies prior to filing this action.

As a defense, plaintiff makes the conclusory allegation that he filed grievances while at Warren, and that he talked with staff about the incident at issue. Generally, "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore, 517 F.3d at 725. However, plaintiff's

unsubstantiated and conclusory allegations that he filed grievances, without providing any details regarding the date the alleged grievances were submitted or to whom they were submitted, are insufficient to refute defendant's arguments in support of his exhaustion defense. Cf. Hill v. Haynes, 380 F. App'x 268, 273 (4th Cir. 2010) (finding genuine issues of material fact where plaintiff provided specific and detailed allegations regarding defendants' hindering his ability to exhaust); see Goodwin v. Beasley, No. 1:09-CV-151, 2011 WL 835937, at *3 (M.D.N.C. Mar. 3, 2011); Payne v. Edwards, No. 9:07-3900-TLW-BM, 2008 WL 5146627, at * 7 (D.S.C. Dec. 8, 2008). Thus, the court finds that plaintiff did not exhaust his administrative remedies for the instant claim prior to filing this action.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment (DE 30) is GRANTED, and the action is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies. Plaintiff may re-file his action after completing DPS's administrative remedy process.

SO ORDERED, this the 16th day of October, 2013.

*/s/ Louise W. Flanagan*
_____
LOUISE W. FLANAGAN
United States District Judge